Filed 10/14/20 P. v. Huerta CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073576 MF |
| v. | (Super.Ct.No. FWV17115) |
| MARK HUERTA, et al., | OPINION |
| Defendants and Appellants. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073672 |
| v. | (Super.Ct.No. FWV17115) |
| EDDIE HUERTA, | OPINION |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from the Superior Court of San Bernardino County.

Michael A. Knish, Judge. Reversed and remanded.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and

Appellant Andrew Cabrera.

1

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant Eddie Huerta.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant Mark Huerta.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General as Amicus Curiae on behalf of Defendants and Appellants.

Jason Anderson, District Attorney, and James R. Secord, District Attorney, for Plaintiff and Respondent.

In 1999, a jury convicted appellants Eddie Huerta, Mark Huerta, and Andrew Cabrera of murder, attempted murder, and conspiracy to commit murder. In 2019, all three petitioned for resentencing under newly enacted Penal Code section 1170.95, but the trial court denied the petitions, finding the provision unconstitutional.

Appellants and the Attorney General, as amicus curiae, defend the constitutionality of the law. Respondent, the San Bernardino County District Attorney (hereafter District Attorney), argues the bill which enacted Penal Code section 1170.95, Senate Bill No. 1437 (Senate Bill 1437), unconstitutionally amended Propositions 7 and 115, impermissibly infringes on powers vested in the judicial and executive branches of government in violation of the separation of powers doctrine, and violates victims' rights to final judgments under Proposition 9.

2

We follow our decision in *People v. Johns* (2020) 50 Cal.App.5th 46 (*Johns*) upholding Senate Bill 1437 in its entirety, and therefore conclude appellants are entitled to have the trial court consider their petitions.

I

FACTS

In 1998, appellants and two others attempted to lure Jose Lizarraga outside his house by throwing rocks. When he didn't come out, shots from three different guns were fired at the house. During the shooting, one of the five potential shooters accidentally shot and killed another one of the potential shooters, Alfred Cabrera. A jury convicted all three appellants of first degree murder (Pen. Code, § 187, subd. (a), unlabeled statutory citations refer to this code), attempted murder (§§ 187, 664), and conspiracy (§ 182, subd. (a)(1)), and found true firearm and gang enhancements (§§ 12022.53, subds. (b) & (c), 186.22 subds. (b)(1) & (b)(4)). On appeal, this court struck the street gang enhancements, but otherwise affirmed the judgment.[1] (*Coronado*, *supra*, E026327).)

---

[1] We grant the District Attorney's request that we take judicial notice of the ballot statements concerning Propositions 7 and 115, certain legislative history documents concerning Senate Bill 1437 and Assembly Bill 3104, and our decision in appellants' appeals of their convictions. (Evid. Code, § 452, subds. (c) & (d).) We take the facts from our opinion in the appeals of their convictions. (*People v. Coronado* (Jan. 22 2001, E026327) [nonpub. opn.].)

Over a period of three months in 2019, all three appellants petitioned the trial court for resentencing under then newly enacted section 1170.95, which allows offenders previously convicted of murder under the felony-murder rule or the natural and probable consequences doctrine to have their murder convictions vacated if they couldn't be convicted of murder under sections 188 or 189 as amended by Senate Bill 1437.

The District Attorney opposed all three petitions, arguing, among other things, that section 1170.95 was unconstitutional. On August 30, 2019, the trial court denied all three petitions on the basis that section 1170.95 is unconstitutional because Senate Bill 1437 improperly amended Propositions 7 and 115. The court didn't determine whether appellants are eligible for relief on the merits.

Appellants timely appealed the orders denying their petitions.

## II

## ANALYSIS

Appellants argue section 1170.95 is constitutional and the trial court erred by denying their petitions on the basis that it is not. The Attorney General agrees. The District Attorney argues the bill which redefined felony murder and enacted section 1170.95, Senate Bill 1437, is unconstitutional because it improperly amends Propositions 7 and 115, violates the separation of powers doctrine, and violates victims' rights to finality of judgments under Proposition 9.

We recently addressed and rejected the same arguments in *Johns*, *supra*, 50 Cal.App.5th 46. In that case we held Senate Bill 1437 did not amend Propositions 7 (*id.* at pp. 63-65) or 115 (*id.* at pp. 65-66) and doesn't violate the separation of powers doctrine (*id.* at pp. 66-68) or victims' rights to finality of judgments as protected in Proposition 9 (*id.* at pp. 68-70). In sum, we found Senate Bill 1437 was constitutional. (*Id.* at p. 70.)

Here, the District Attorney argues two earlier decisions reaching the same conclusion, *People v. Lamoureux* (2019) 42 Cal.App.5th 241 and *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, were wrongly decided. However, we already addressed and approved of both of these decisions in *Johns*, as has every other division of the Court of Appeal to address the issue by published opinion. (See, e.g., *People v. Lopez* (2020) 51 Cal.App.5th 589, 601-602 [Second Dist., Div. Two]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92 [Second Dist., Div. Five], review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312 [Second Dist., Div. Six]; *People v. Lombardo* (2020) 54 Cal.App.5th 553 [Third Dist.]; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 [Fourth Dist., Div. Three]; *People v. Nash* (2020) 52 Cal.App.5th 1041 [Fifth Dist.]; *People v. Alaybue*, (2020) 51 Cal.App.5th 207 [Sixth Dist.].)

## III

## DISPOSITION

We reverse the trial court orders denying the petitions and remand for further proceedings under section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

I concur:

McKINSTER
J.

[*The People v. Mark Huerta*, *et al*., E073576, E073672]

RAMIREZ, P.J.

I respectfully dissent.  For the reasons that I stated in my dissent in *People v. Lippert* (2020) 52 Cal.App.5th 304, pet. for rev. filed Sept 17, 2020, I believe Senate Bill No. 1437 (2017-2018 Reg. Sess.) is unconstitutional because (1) it amends Proposition 7, and (2) it violates the separation of powers.

RAMIREZ         
P. J.

1